VINCENT G. THOMPSON, Plaintiff-Appellee, v. COUNTRY MUTUAL INSURANCE COMPANY, Defendant-Appellant.

Fourth District    No. 4—00—0736

Argued February 14, 2001.—Opinion filed March 6, 2001.

John L. Morel (argued), of John L. Morel, P.C., of Bloomington, for appellant.

Terence B. Kelly (argued), of Thompson & Weintraub, of Bloomington, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Country Mutual Insurance Company, appeals from the granting of a summary judgment motion in favor of plaintiff, Vincent G. Thompson, and the denial of its own motion for summary judgment in a declaratory judgment proceeding. Defendant argues the trial court erred in finding its automobile policy applied to plaintiff's

replacement vehicle when an accident involving the vehicle occurred after the end of the original policy term but during the extension period provided by defendant in its notice of cancellation. We affirm.

The facts are undisputed. On April 22, 1994, defendant issued an automobile insurance policy to Richard Scott Claypool insuring Claypool's 1991 Chevrolet. The term of the policy was for a period of six months and included coverage for bodily injury resulting from an accident involving Claypool's vehicle. On September 3, 1994, Claypool purchased a 1977 Mercury Montego as a replacement vehicle for his 1991 Chevrolet.

In regard to newly acquired vehicles, defendant's insurance policy provides:

"6. **Newly Acquired Vehicle**. If **you** have disposed of the vehicle described on the declarations page and have acquired another in its place, this policy transfers to the newly acquired vehicle.

This policy also applies to an additional vehicle **you** have acquired if **we** insure all the **motor vehicles you** own.

\* \* \*

You must ask **us** to insure the newly or additionally acquired vehicle during the policy period or within 30 days after **you** acquire it, whichever is longer. **You** must also pay any additional premium required."

On October 31, 1994, defendant mailed to Claypool at his last known address a cancellation notice, which stated:

"COVERAGE TERMINATION DATE: Nov 12, 1994

According to our records the total billed installment has not been received. Because of that, insurance coverage will terminate on the date and time shown above.

If you have not purchased another policy and payment of the required amount due is received by the coverage termination date, and approved by the company at its Regional Office in Bloomington, Illinois, you will receive notification providing you with uninterrupted coverage."

On November 3, 1994, Claypool was involved in an automobile accident with plaintiff while operating the 1977 Mercury he had purchased on September 3. Plaintiff claims to have sustained bodily injury from that accident. Claypool had not provided defendant with notice of the newly acquired vehicle. Defendant denied coverage to Claypool for the November 3 accident, asserting coverage had expired on October 22 at the end of the initial six-month policy term without notice of the newly acquired vehicle.

On February 13, 1996, plaintiff filed a declaratory judgment action in the circuit court of McLean County, contending the cancellation notice from defendant extended the policy period from October 22 to

November 12, 1994. As the accident occurred on November 3, plaintiff contended it was within the policy period in which Claypool had to notify defendant of his newly acquired vehicle and, therefore, insurance coverage had automatically transferred to the newly acquired vehicle.

Defendant filed an affirmative defense, claiming Claypool had failed to notify it within 30 days of acquisition of the newly acquired vehicle or within the policy period that had expired on October 22. Thus, there was no automatic transfer of coverage to the newly acquired vehicle.

The parties filed cross-motions for summary judgment. On July 26, 2000, the trial court granted plaintiff's motion for summary judgment and denied defendant's motion, finding the end of the policy period for providing notice of a replacement vehicle was November 12, 1994, the date defendant expressly indicated to its insured the policy would terminate. Because the accident in question occurred on November 3, 1994, the loss occurred during the policy period and prior to the termination of the coverage provided by defendant to Claypool and there was coverage. This appeal followed.

■ Summary judgment should only be granted if the pleadings, depositions, and admissions, together with affidavits on file, show no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1998). In an appeal from the grant of summary judgment, the standard of review is *de novo*. *Crum & Forster Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390, 620 N.E.2d 1073, 1077 (1993).

■ Construction of the terms of an insurance policy and a determination of the rights thereunder are questions of law properly decided in a motion for summary judgment. *Crum & Forster*, 156 Ill. 2d at 391, 620 N.E.2d at 1077. In construing the language of an insurance policy, the trial court's goal is to ascertain and give effect to the intentions of the parties as expressed in their agreement. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479, 687 N.E.2d 72, 75 (1997). If the terms of the policy are clear, they must be given their plain and ordinary meaning. Additionally, provisions that limit or exclude coverage will be interpreted liberally in favor of the insured and against the insurer. *American States*, 177 Ill. 2d at 479, 687 N.E.2d at 75.

As noted, the policy in question here provided for an automatic transfer of coverage to a newly acquired vehicle and this coverage was effective for a period of 30 days or to the end of the policy period, whichever is longer. The giving of notice was not a prerequisite to the coverage. Instead, the coverage ceased after 30 days or the policy period if no notice was given. Defendant concedes Claypool's 1977

Mercury would have been covered for the remainder of the original policy period ending October 22, 1994. The dispute lies in the date the policy period actually ended: the six-month anniversary of the policy on October 22, 1994, or the extension to November 12, 1994, defendant provided in its cancellation notice.

In regard to cancellation notices, the policy states in pertinent part: .

"11. **Cancellation.**

\* \* \*

b. **We** may cancel this policy by notifying **you** in writing of the date cancellation takes effect.

\* \* \*

(1) When **you** have not paid the premium, **we** may cancel at any time by notifying **you** at least 10 days before the date cancellation takes effect.

\* \* \*

d. The effective date of cancellation stated in the notice will become the end of the policy period."

Defendant contends it was not really sending a "cancellation notice" to Claypool because cancellations only apply, under the Illinois Insurance Code, where an insurer terminates a policy prior to the expiration date of the policy and not where a policy lapses due to nonpayment of the premium. 215 ILCS 5/143.13(g) (West 1994); *Librizzi v. State Farm Fire & Casualty Co.*, 236 Ill. App. 3d 582, 592-93, 603 N.E.2d 821, 827-28 (1992).

The sending of a cancellation notice upon the nonpayment of premiums is apparently not mandatory under defendant's insurance contract by the use of the word "may" in the cancellation provisions of the contract. That no notice is required is further bolstered by that portion of the policy entitled "Nonrenewal." Under that section, the policy includes this provision: "If **you** fail to pay the renewal premium, the policy will lapse on the expiration date."

Defendant argues that a lapse occurred here and the policy period ended on the original expiration date, October 22. It further contends it merely granted a "grace period" for the paying of the premium by sending the notice entitled "CANCELLATION" extending the policy period. Defendant did admit, through the deposition of its senior auto underwriter, the cancellation notice effectively extended coverage for the 1991 Chevrolet through November 12, 1994, but denied that it did so for any newly acquired vehicle as it was not notified of such vehicle prior to October 22 when the policy lapsed.

■ Apparently, defendant could have simply let Claypool's policy lapse on October 22 for nonpayment of premium and he would have had no coverage for any vehicle, original or newly acquired, on

November 3. However, when defendant chose to send a cancellation notice providing for a "grace period" for Claypool to pay his premium and keep his policy in force, the *entire* policy was extended until November 12, not just selected portions of it. Under the policy, coverage was automatically extended to newly acquired vehicles for as long as the period of the policy. Under the policy, the effective date of cancellation stated in the cancellation notice becomes the end of the policy period. Thus, the automatic coverage for newly acquired vehicles under the policy was included in the extension of coverage until November 12 by the express terms of the contract of insurance coupled with the cancellation notice, which provided "insurance coverage will terminate on the date and time shown above."

Thus, the automatic coverage that the policy provided to newly acquired vehicles continued to be in force through the end of the policy period, including the date of loss, November 3, 1994. The trial court properly concluded the policy afforded coverage at the time of the accident.

For the foregoing reasons, we affirm the trial court's judgment granting plaintiff's motion for summary judgment and denying defendant's motion for summary judgment.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.